UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN TRICHE | § | C.A. No. |
| | § | |
| VS. | § | SEC. "__"        MAG. (__) |
| | § | |
| PATRIOT MARINE SERVICES, LLC and | § | |
| PREMIER TUGS, L.L.C. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff John Triche ("Plaintiff"), complaining of Defendants Patriot Marine Services, LLC and Premier Tugs, L.L.C. ("Defendants"), and, for cause of action, would respectfully show as follows:

### I. PARTIES

1.1     Plaintiff John Triche, is a citizen and resident of Lafourche Parish, Louisiana.

1.2     Defendant Patriot Marine Services, LLC, is a Louisiana limited liability company with its principal place of business in Lockport, Lafourche Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Brooks Luke, 121 Aspen Drive, Raceland, Louisiana 70394.

1.3     Defendant Premier Tugs, L.L.C., is a Louisiana limited liability company with its principal place of business in New Iberia, Iberia Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Neil G. Vincent, Allen & Gooch, 2000 Kaliste Saloom Rd., Suite 400, Lafayette Louisiana, 70508.

## II.  JURISDICTION

2.1      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant to the Jones Act 46 U.S.C. § 30104, and for negligence under the general maritime law.

## III.  VENUE

3.1      Venue is proper pursuant to 28 U.S.C. § 1391.

## IV.  FACTS

4.1      At all material times hereto, Defendants owned, operated and/or crewed the tug *Commander* ("Vessel"), the vessel on which Plaintiff was working at the time of injury made the basis of suit, a vessel operating in navigable waters.

4.2      At all material times hereto, Plaintiff was employed by Defendants as a deckhand and member of the crew of the Vessel.

4.3      On or about October 11, 2017, Plaintiff was seriously injured while performing vessel operations.  The serious and debilitating injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the Vessel, in the following particulars, among others:

        (a)      failing to navigate the Vessel in a safe and reasonable manner;

        (b)      failing to warn Plaintiff of known and/or existing hazards;

        (c)      failing to provide a proper means of ingress and egress;

        (d)      failing to provide adequate crew and/or adequately trained crew; and

        (e)      other acts of negligence and/or omissions to be shown at trial herein.

## V.  JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendants' breach of their absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue.  Defendants breached their absolute duty by denying payment of maintenance and cure.  As a result of Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  DAMAGES

8.1     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (I) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

KOCH & SCHMIDT, LLC

*/s/ R. Joshua Koch, Jr.*
R. JOSHUA KOCH, JR., Bar Roll No. 7767
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

**OF COUNSEL**

SPAGNOLETTI & CO.
Eric J. Rhine
Texas Bar No. 24060485
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:     713-653-5656               ATTORNEYS FOR PLAINTIFF